IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD DALTON, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| McCOURT ELECTRIC, LLC., et al. | : | NO. 12-3568 |

**MEMORANDUM OF DECISION**

THOMAS J. RUETER                                                    March 19, 2013
United States Magistrate Judge

    Presently before the court is plaintiffs' Motion to Amend Complaint to Add Interference with Enjoyment of Real Property (the "Motion to Amend") (Doc. No. 27), defendants' opposition thereto (Doc. Nos. 28 and 29), and plaintiffs' reply brief (Doc. No. 33). After a hearing on March 18, 2013, and for the reasons that follow, the Motion to Amend is **GRANTED**.[1]

**I.     BACKGROUND**

    In the proposed Amended Complaint, see Reply Br. Ex. A, plaintiffs allege that on March 9, 2012, a fire occurred at their home and caused "substantial injury and loss as to the Plaintiffs' real and/or personal property; caused Plaintiffs to incur additional living and other expenses; and caused Plaintiffs to suffer inconvenience, discomfort and the loss of use and enjoyment of their property." (Am. Complaint ¶ 7.)

---

[1]   This case was referred to the undersigned by the Honorable Eduardo C. Robreno "for all pre-trial purposes." (Doc. No. 21.) Magistrate Judges have authority to decide motions to amend a complaint pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). See Hall v. Norfolk Southern Ry. Co., 469 F.3d 590, 594-95 (7th Cir. 2006); Maurice v. State Farm Mut. Auto. Ins. Inc., 235 F.3d 7, 9 n.2 (1st Cir. 2000); USA Tropicals v. Zim Am. Israel Shipping, 2006 WL 845406, at *1 n.1 (E.D.N.Y. Mar. 30, 2006).

Plaintiffs allege claims of negligence, breach of warranty and strict liability against defendants. Specifically, plaintiffs allege that defendant McCourt Electric, LLC, performed certain electrical work at their home and defendant Intermatic, Inc., manufactured a low voltage transformer, which plaintiffs claim caused the fire. (Am. Complaint ¶¶ 8-10.) Plaintiffs allege that the fire spread to the living areas of the home resulting in extensive damage to the property. They further state that they "were forced to vacate their residence for an extended period of time, and were left without the unique comforts and benefits they otherwise would have enjoyed had they not been forced to do so." (Motion to Amend ¶ 1.)

In plaintiffs' original complaint, they seek compensation for "damage to their real and personal property, and the imposition of additional expenses." (Complaint ¶¶ 15, 19, 28 and 33.) In the proposed amended complaint, plaintiffs repeated these claims for damages, and added a claim for damages because "[p]laintiffs suffered inconvenience, discomfort and the loss of the use and enjoyment of their property." (Am. Complaint ¶¶ 21, 31, 37 and 44).

Defendants oppose the Motion to Amend because they claim the amendment would be futile since, in their view, damages for "inconvenience, discomfort and the loss of the use and enjoyment of their property" are not recoverable under the circumstances of this case. (Defs.' Opp. at 4-6.)

II. **DISCUSSION**

The Federal Rules of Civil Procedure declare that the court should "freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Third Circuit has recognized a "strong liberality . . . in allowing amendments under Rule 15(a)." Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989) (citations omitted). See Foman v. Davis,

371 U.S. 178, 182 (1962) (mandate in Fed. R. Civ. P. 15(a) "is to be heeded").

A motion to amend a complaint should be granted unless there was "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."  Id.  A court may deny a motion to amend a complaint on the grounds that the amendment would be futile.  To assess futility, a court "applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).  Therefore, in deciding whether an amendment is futile, a court must take all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiffs.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  On the other hand, leave to file an amendment should be denied if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

In a claim for injury to property caused by a defendant's negligence, it is well established under Pennsylvania law that a property owner is entitled to damages for the loss of the use of the property and the related inconvenience and discomfort.  The Superior Court stated this rule as follows:

> The law in this Commonwealth has long recognized that where injury is sustained to real property as a result of the negligence of another, the property owner is entitled to damages for the inconvenience and discomfort caused thereby.  See Dussell v. Kaufman Construction Co., 398 Pa. 369, 378, 157 A.2d 740, 745 (1960); Evans v. Moffat, 192 Pa. Super. 204, 221, 160 A.2d 465, 473 (1960).  See also Moore v. Mobil Oil Co., 331 Pa. Super. 241, 257, 480 A.2d 1012, 1020 (1984).  Accord: Restatement (Second) of Torts § 929(c).

Houston v. Texaco, Inc., 538 A.2d 502, 505 (Pa. Super. Ct.), appeal denied, 549 A.2d 136 (Pa.

3

1988) (Table).  These damages are recoverable not as a separate cause of action, but as a claim for damages.  See Roth v. Cabot Oil & Gas Corp., 2013 WL 358176, at *15 (M.D. Pa. Jan. 30, 2013) (plaintiffs' claims for inconvenience, loss of use and enjoyment, and diminution of value of their property are claims for damages and not cause of actions); Centolanza v. Lehigh Valley Dairies, Inc., 658 A.2d 336, 401 (Pa. 1995) (same).

The above principles have been embraced by most other jurisdictions.  The leading treatises state as follows:

> A court may award monetary damages to a property owner where a trespass has caused damage to the party's property; the measure of damages for tortious injury to real property is the amount which will compensate for all the detriment proximately caused thereby, considered in relation to the particular purpose for which the property is used, and computed not merely with reference to the portion injured but also to the effect of the injury on the whole parcel.  Damages available on trespass claims can include not only diminution of market value, costs of restoration, and loss of use of the property but also discomfort and annoyance to the property owner as the occupant.

25 Am. Jur. 2d Trespass § 100 (2013) (footnotes omitted).  See also 25 C.J.S. Damages § 78 (2013) (same); Restatement (Second) Torts § 929(1)(b) and (c) (recognizing "the loss of use of the land, and discomfort and annoyance to him as an occupant" as compensable damages).

Defendants rely on the case of Cavanagh v. Electrolux Home Products, 2012 WL 4963682 (E.D. Pa. Oct. 18, 2012).  In that case the court dismissed a cause of action pursuant to Restatement (Second) of Torts § 822 for private nuisance against a manufacturer when a fire broke out at a residence and the owner claimed loss of use and enjoyment of the property.  Id. at *6-*8.  The court finds the Cavanagh case inapposite to the proposed amendment at issue here.  In their complaint, plaintiffs do not propose adding a separate claim for private nuisance, but only seek to amend their ad damnum clause, to add an additional claim for damages well

recognized by the law.  Furthermore, the court rejects the defendants' suggestion that loss of use and enjoyment of property is an item of damages available only in a private nuisance claim.  It is true that "[t]he essence of a private nuisance is an interference with the use and enjoyment of the land."  W. Page Keeton, Prosser and Keeton on the Law of Torts § 87 at 619 (5th ed. 1984).  Nonetheless, numerous cases recognize that loss of use and enjoyment damages are recoverable in negligence and product liability claims even when a private nuisance claim has not been raised.  See, e.g., Dennis v. Ford Motor Co., 471 F.2d 733, 736 (3d Cir. 1973) (damages for loss of use of defective tractor and trailer recoverable under Pennsylvania law in products liability case); Philadelphia Nat'l Bank v. Dow Chem. Co., 605 F. Supp. 60, 63-65 (E.D. Pa. 1985) (in negligence and strict liability claims under Pennsylvania law, costs of inspection and repair of bank building, loss of use of building, loss of customers and loss of employee time could be recovered in action against manufacturer); Mayer v. Belton Corp., 1989 WL 98003, at *3 (E.D. Pa. Aug. 17, 1989) (plaintiffs whose home was damaged by fire caused by defective electric blanket awarded "damages for the inconvenience and discomfort caused by their inability to live in their home for approximately four and one-half months"); Kintner v. Claverack Rural Elec. Co-op., Inc., 478 A.2d 858, 861-62 (Pa. Super. Ct. 1984) (recognizing that in negligence cases damages for loss of use of personal property are recoverable whether or not the property is repairable).

**III.     CONCLUSION**

For all the above reasons, the court finds that plaintiffs' proposed amendment states valid claims for damages under Pennsylvania law.  Therefore, the court will grant plaintiffs' Motion to Amend the complaint.  An appropriate order follows.


BY THE COURT:


 /s/ Thomas J. Rueter
THOMAS J. RUETER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD DALTON, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| McCOURT ELECTRIC, LLC., et al. | : | NO. 12-3568 |

### ORDER

AND NOW, this 19th day of March, 2013, upon consideration of plaintiffs' Motion to Amend Complaint to Add Interference with Enjoyment of Real Property (Doc. No. 27), defendants' opposition thereto (Doc. Nos. 28 and 29), and plaintiffs' reply brief (Doc. No. 33), and after a hearing on March 18, 2013, it is hereby

### ORDERED

that plaintiffs' Motion to Amend (Doc. No. 27) is **GRANTED** for the reasons set forth in the Memorandum of Decision filed this day.

BY THE COURT:

/s/ Thomas J. Rueter
THOMAS J. RUETER
United States Magistrate Judge