IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD DALTON AND<br>LORIS DALTON, h/w<br>143 Harrogate Drive<br>Landenberg, PA  19350<br><br>and<br><br>ERIC DALTON AND<br>SANDI DALTON, h/w<br>143 Harrogate Drive<br>Landenberg, PA  19350<br>      **Plaintiffs**<br>vs.<br><br>McCOURT ELECTRIC LLC<br>800 Cambridge Drive<br>Newark, DE  19711<br><br>and<br><br>INTERMATIC, INC.<br>Intermatic Plaza<br>777 Winn Road<br>Spring Grove, IL  60081<br>      **Defendants** | CIVIL ACTION<br><br>NO.  12-3568<br><br>**JURY TRIAL DEMANDED** |

## AMENDED COMPLAINT

Plaintiffs, by and through their attorneys, Nelson Levine de Luca & Hamilton, file the within amended complaint against the above-named Defendants, and in support thereof aver as follows:

## GENERAL FACTS

1. Plaintiffs, Donald and Loris Dalton, at all times relevant hereto, are and were residents of Pennsylvania and owned real property and a home located at 143 Harrogate Drive, Landenberg, PA 19350 (hereinafter "the subject property).

2. Plaintiffs, Eric and Sandi Dalton, at all times relevant hereto, were residing at their relatives' home at the subject property and maintaining personal property there as well.

3. Upon information and belief, Defendant, McCourt Electric LLC, (hereinafter "McCourt") is a Delaware limited liability corporation with a principal place of business at 800 Cambridge Drive, Newark, DE 19711

4. Upon information and believe Defendant McCourt is and was engaged in performing electrical services, including, but not limited to the sale and installation of home security systems, and other electrical wiring, components, devices and systems.

5. Defendant, Intermatic, Inc. (hereinafter "Intermatic"), is an Illinois corporation with offices located at Intermatic Plaza, 777 Winn Road, Spring Grove, IL 60081.

6. Upon information and belief, at all times relevant hereto, Defendant, Intermatic, is and was the manufacturer of consumer and industrial energy control products.

7. On or about March 9, 2012, a fire occurred at the subject property. This resulted in substantial injury and loss as to the Plaintiffs' real and/or personal property; caused Plaintiffs to incur additional living and other expenses; and caused

Plaintiffs to suffer inconvenience, discomfort and the loss of use and enjoyment of their property.

8. On or before the date of the fire, McCourt was the electrical contractor hired to perform certain electrical work at and within the subject property.

9. McCourt, individually and through its agents, servants, workmen, employees and/or chosen subcontractors, sold and installed electrical components manufactured in part by Defendant Intermatic, at the Plaintiffs' property during the course of the aforementioned electrical services.

10. The fire that occurred at the subject property was a direct and proximate result of the failure of the aforementioned electrical components as manufactured, distributed, and installed by the Defendants.

## JURISDICTION

11. This Court has jurisdiction in this action pursuant to 28 U.S.C. §1332 as amended, as the matter in controversy involves a dispute between citizens of different states in that the Plaintiffs are citizens of the Commonwealth of Pennsylvania and the Defendants are citizens of the States of Delaware and Illinois and the amount in controversy, exclusive of interests and costs, exceeds $75,000.00.

12. Venue is proper in this District pursuant to 28 U.S.C. §1391 (a) as a substantial part of the events or omissions giving rise to this action occurred in this jurisdiction and a substantial part of the property that is the subject of this action is situated in this jurisdiction.

## COUNT I- NEGLIGENCE
## PLAINTIFFS v. INTERMATIC, INC.

13. Plaintiffs incorporate herein by reference the allegations alleged in all previous paragraphs of the Complaint with the same effect herein fully set forth.

14. The aforementioned damages were the direct and proximate result of the negligence, carelessness, recklessness and/or other liability producing conduct of Defendant Intermatic, including negligent acts and/or omissions of such Defendant, as performed by and through its agents, employees, and/or servants, more specifically described as follows:

   (a) failing to exercise reasonable care in the performance of its duties as manufacturer of the electric components at the subject premises, including, but not limited to, carelessly and negligently performing the following:

   (1) failing to properly and competently design the electrical components at the subject premises in a safe and appropriate manner;

   (2) failing to properly and competently manufacture the electrical components at the subject premises in a safe and appropriate manner;

   (3) failing to ensure that proper techniques and materials were employed, and applicable safety procedures followed, as to the design and manufacture of the electrical components at the subject property; and/or

(4) failing to provide safe and appropriate warnings and instructions as to the proper installation and maintenance of the electrical components.

(b) failing to adequately instruct its servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

(c) failing to adequately warn Plaintiffs and others of the defects resulting from the careless and negligent failure to exercise reasonable care as set forth in subparagraph (a), above;

(d) failing to provide, establish and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

(e) failing to perform the tasks set forth in subparagraph (a) in conformity with the prevailing industry and governmental specifications and standards;

(f) violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to their action; and/or

(g) selecting and contracting with individuals and entities that were ill-trained and/or unprepared to properly perform the tasks set forth in subparagraph (a) above.

15. As a direct and proximate result of such conduct, Plaintiffs sustained and incurred damage to their real and personal property, and the imposition of additional expenses, in an amount in excess of $75,000.00.

16. As a direct and proximate result of such conduct, Plaintiffs suffered inconvenience, discomfort and the loss of the use and enjoyment of their property.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendant Intermatic, individually and/or jointly and severally, in an amount in excess of $75,000.00 plus interest, costs of suit, reasonable attorney fees, delay damages, and such other relief as the Court deems appropriate under the circumstances.

## COUNT II–NEGLIGENCE
## PLAINTIFFS v. McCOURT ELECTRIC

17. Plaintiffs incorporate herein by reference the allegations alleged in all previous paragraphs of the Complaint with the same effect herein fully set forth.

18. Additionally, and/or alternatively, Plaintiffs assert the following Count.

19. The aforementioned damages were the direct and proximate result of the negligence, carelessness, recklessness and/or other liability producing conduct of Defendant McCourt, including negligent acts and/or omissions of such Defendant, as performed by and through its agents, employees, and/or servants, more specifically described as follows:

    (a) failing to exercise reasonable care in the performance of its duties as constructor and contractor as to the installation of the electric

components at the subject premises, including, but not limited to, carelessly and negligently performing the following:

    (1)    failing to competently select and install the electrical components at the subject premises in a safe and appropriate manner;

    (2)    failing to properly inspect and monitor the work of all subcontractors to ensure compliance with applicable local, state and national building, electrical, and fire safety codes; and/or

    (3)    failing to ensure that proper techniques and materials were employed, and applicable safety procedures followed, as to the installation of the electrical components at the subject property.

(b)    failing to adequately instruct its servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

(c)    failing to adequately warn Plaintiffs and others of the defects resulting from the careless and negligent failure to exercise reasonable care as set forth in subparagraph (a), above;

(d)    failing to provide, establish and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

(e)    failing to perform the tasks set forth in subparagraph (a) in conformity with the prevailing industry and governmental specifications and standards;

(f)     violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to their action; and

(g)     selecting and contracting with individuals and entities that were ill-trained and/or unprepared to properly perform the tasks set forth in subparagraph (a) above.

20.     As a direct and proximate result of such conduct, Plaintiffs sustained and incurred damage to their real and personal property, and the imposition of additional expenses, in an amount in excess of $75,000.00.

21.     As a direct and proximate result of such conduct, Plaintiffs suffered inconvenience, discomfort and the loss of the use and enjoyment of their property.

## COUNT III– STRICT LIABILITY
## PLAINTIFFS v. McCOURT ELECTRIC AND INTERMATIC, INC.

22.     Plaintiffs incorporate herein by reference the allegations alleged in all previous paragraphs of the Complaint with the same effect herein fully set forth.

23.     Additionally, and/or alternately, Plaintiffs assert the following Count.

24.     At all times material hereto, the Defendants were each engaged in the business of manufacturing, selling, and/or distributing the aforementioned electrical components.

25.     The aforementioned electrical components, as designed, manufactured, marketed, sold and/or distributed by the Defendants in separate capacities, were in defective conditions, unreasonably dangerous to Plaintiffs.

26. Upon information and belief, the Defendants expected that the above described products would reach the consumer without substantial change in the condition in which they each manufactured, distributed and/or sold such products,

27. The aforementioned products did reach the Daltons' property without a substantial change in the condition in which they were sold.

28. The aforesaid dangerous defects consisted of:
   a. Design defects;
   b. Manufacturing defects;
   c. Failure to warn of the aforementioned defects; and
   d. Failure to properly instruct as to the appropriate operational procedures for safe installation, use and maintenance of the products.

29. For these reasons, pursuant to Pennsylvania case law, Defendants are strictly liable to Plaintiffs for their damages

30. As a result of these dangerous and defective conditions, and/or other liability producing conduct on the part of the Defendants, either one or both of them, Plaintiffs sustained and incurred damage to their real and personal property, and the imposition of additional expenses, in an amount in excess of $75,000.00.

31. As a result of these dangerous and defective conditions, and/or other liability producing conduct on the part of the Defendants, either one or both of them, Plaintiffs suffered inconvenience, discomfort and the loss of the use and enjoyment of their property.

**WHEREFORE,** Plaintiffs demand judgment in their favor and against Defendants, individually and/or jointly and severally, in an amount in excess of

$75,000.00 plus interest, costs of suit, reasonable attorney fees, delay damages, and such other relief as the Court deems appropriate under the circumstances.

## COUNT IV- BREACH OF IMPLIED WARRANTIES
## PLAINTIFFS v. INTERMATIC, INC.

32. Plaintiffs incorporate herein by reference the allegations alleged in all previous paragraphs of the Complaint with the same effect herein fully set forth.

33. Additionally, and/or alternately, Plaintiffs assert the following Count.

34. In furtherance of the aforementioned sale of electrical components installed at the Daltons' residence, Defendant Intermatic had impliedly warranted that all electrical components would be fit for a particular purpose, would be fit for a specific purpose, and would be of merchantable quality, pursuant to 13 Pa.C.S.A. § 2314 and the common law of the Commonwealth of Pennsylvania.

35. Based upon the aforementioned defects in the electrical components sold by Intermatic and installed at the Daltons' property, Intermatic breached these warranties.

36. As a direct and proximate result of these breaches, Plaintiffs suffered the aforementioned damages to their real and personal property, as well as additional expenses.

37. As a direct and proximate result of these breaches, Plaintiffs suffered inconvenience, discomfort and the loss of the use and enjoyment of their property.

38. Plaintiffs have performed all conditions precedent to recover based upon such breaches.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendant Intermatic, individually and/or jointly and severally, in an amount in excess of $75,000.00 plus interest, costs of suit, reasonable attorney fees, delay damages, and such other relief as the Court deems appropriate under the circumstances.

## COUNT V- BREACH OF IMPLIED WARRANTIES
## PLAINTIFFS v. McCOURT ELECTRIC

39. Plaintiffs incorporate herein by reference the allegations alleged in all previous paragraphs of the Complaint with the same effect herein fully set forth.

40. Additionally, and/or alternately, Plaintiffs assert the following Count.

41. In furtherance of the aforementioned services performed for the Daltons, Defendant McCourt had impliedly warranted that all work performed would be done in a reasonably workman-like manner, and/or with quality workmanship pursuant to 13 Pa.C.S.A. § 2314 and the common law of the Commonwealth of Pennsylvania.

42. Based upon the defective nature of the products as installed and the aforementioned careless and negligent conduct on the part of McCourt through its servants, employees, technicians, and/or agents as set forth above, McCourt breached these warranties.

43. As a direct and proximate result of these breaches, Plaintiffs suffered the aforementioned damages to their real and personal property, as well as additional expenses.

44. As a direct and proximate result of these breaches, Plaintiffs suffered inconvenience, discomfort and the loss of the use and enjoyment of their property.

45. Plaintiffs have performed all conditions precedent to recover based upon such breaches.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendant McCourt, individually and/or jointly and severally, in an amount in excess of $75,000.00, plus interest, costs of suit, reasonable attorney fees, delay damages, and such other relief as the Court deems appropriate under the circumstances.

        Respectfully submitted,

        **NELSON LEVINE de LUCA & HAMILTON**

        Kenneth T. Levine, Esquire
By: _____
        Kenneth T. Levine, Esquire
        518 Township Line Rd., Suite 300
        Blue Bell, PA   19422
        (215) 358-5170
        (215) 358-5101 (Facsimile)
        klevine@nldhlaw.com
        Trial Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD DALTON AND LORIS DALTON, H/W AND ERIC DALTON AND SANDI DALTON, H/W<br>　　　　　Plaintiffs<br><br>vs.<br><br>McCOURT ELECTRIC LLC and INTERMATIC, INC.<br>　　　　　Defendants | Civil Action No:  2:12-CV-03568-JP<br><br>**CERTIFICATE OF SERVICE** |

　　　　I, Kenneth T. Levine, Esquire, hereby certify that on March 20, 2013, I sent the foregoing to the Clerk of the Court for the USDC for the EDPA by United States mail.  I certify that a copy by mail also went to all counsel of record.

　　　　　　　　　　**NELSON LEVINE de LUCA & HAMILTON**


　　　　　　　　　　Kenneth T. Levine, Esquire
　　　　　　By: _____
　　　　　　　　　　Kenneth T. Levine, Esquire
　　　　　　　　　　518 Township Line Rd., Suite 300
　　　　　　　　　　Blue Bell, PA   19422
　　　　　　　　　　(215) 358-5170
　　　　　　　　　　(215) 358-5101 (Facsimile)
　　　　　　　　　　klevine@nldhlaw.com
　　　　　　　　　　Trial Attorney for Plaintiffs


Dated:  March 20, 2013