IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD DALTON, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| McCOURT ELECTRIC, LLC, et al. | : | NO. 12-3568 |

**MEMORANDUM OF DECISION**

THOMAS J. RUETER                                                    December 17, 2013
United States Magistrate Judge

       Presently before the court is a Motion to Preclude the Testimony and Report of Michael Wald, E.E.C., of Investigating Engineering, Inc., or Any Other Expert Proffered on Behalf of Plaintiffs (the "Motion") (Doc. No. 47), plaintiffs' opposition thereto (Doc. No. 48), Intermatic's reply brief (Doc. No. 49), and plaintiffs' supplemental response (Doc. Nos. 51, 53). The court heard oral argument on December 9, 2013. For the reasons that follow, the court recommends that the Motion be **DENIED IN PART** and **GRANTED IN PART**. The court denies the request to preclude the expert report, but grants the request for sanctions because plaintiffs willfully disregarded the court's scheduling order.

**I.     BACKGROUND**

       Plaintiffs, Donald Dalton and Loris Dalton, filed a Complaint on June 25, 2012 against two defendants: McCourt Electric, LLC ("McCourt") of Newark, Delaware and Intermatic, Inc. ("Intermatic"), an Illinois company. Plaintiffs' claim stems from a fire that occurred at their home located in Landenberg, Pennsylvania. As a result of the fire, plaintiffs sustained substantial loss to their real and personal property. In the Complaint, plaintiffs alleged that defendant, McCourt, installed electrical components manufactured by defendant Intermatic and that the fire was a direct and proximate result "of the failure of the aforementioned electrical

components as manufactured, distributed, and installed by the Defendants." (Complaint ¶ 10.) In Counts One, Three and Four of the Complaint, plaintiffs alleged that "electric components" manufactured by defendant, Intermatic Inc., were defective.  Plaintiffs' Complaint did not describe what particular electrical part was defective.  In Count Two of the Complaint, plaintiffs alleged that defendant McCourt improperly installed the "electrical component" manufactured by Intermatic.  Again, plaintiffs provided no description of the electrical part at issue.

On October 31, 2012, the Honorable Eduardo C. Robreno referred the above matter to the undersigned for all pretrial purposes.[1]  On November 26, 2012, the undersigned entered a Scheduling Order requiring plaintiffs' expert report to be filed on February 22, 2013, and the trial pool date was set for July 22, 2013.  (Doc. No. 26.)  At the request of the parties, Judge Robreno and the undersigned extended the pretrial deadlines on four occasions.  (Doc. Nos. 32, 42, 44.)  On the fourth time, October 9, 2013, the court entered a new scheduling order.  (Doc. No. 46.)  Plaintiffs' expert report was due on November 1, 2013, and the trial pool date was extended to January 27, 2014.  Id.

In October 2013, as the deadline for plaintiffs' expert report approached, plaintiffs' attorney, Kenneth T. Levine, Esquire, wrote a series of e-mails to Intermatic's counsel, and told them that if "compelled" to provide his expert reports, that his expert, Michael Wald, would opine that the "fire was caused by an internal malfunction of the Intermatic timer in a location that would not have been affected by the installation, maintenance or wear and tear." (Motion Ex. D (e-mail dated 10/2/2013).)  Mr. Levine stated that unless counsel for Intermatic

---

[1] A ruling on a motion to preclude expert testimony is a non-dispositive disposition under 28 U.S.C. § 636.  Stepney v. Gilliard, 2006 WL 2226334, at *3 (D.N.J. Aug. 3, 2006).

provided contrary evidence, or immediately engaged in settlement discussions with his client, he would issue Mr. Wald's report and the expert would place all liability on Intermatic, and not on the installer, defendant McCourt.

Mr. Levine explained to Intermatic's counsel that he was engaged in settlement negotiations with defendant McCourt and would be able to persuade McCourt to make a significant settlement offer:

> McCourt Electric is under pressure (due to a limits issue) to try and resolve this matter under its policy limits.  I have positioned this matter in such a way as to apply such pressure and frame this case in their eyes as a negligent installation (overtightening of the terminal screws) case.  With such pressure on, they will be rather amenable to contributing significantly to any resolution.

(Motion Ex. E (e-mail dated 10/2/2013).)  At that time, Mr. Levine was reluctant to release the expert report of Mr. Wald to counsel, because once he did so "all of the pressure on McCourt will dissipate . . . McCourt's counsel will now have a road map how to shirk all responsibility . . . [and] McCourt's carrier will contribute a fraction of what it is probably prepared to supply right now."  Id.  In response, counsel for Intermatic refused to mediate or disclose the results of its own expert's investigation of the fire until after it received plaintiffs' expert report.  Intermatic's expert report was not due until December 2, 2013, thirty days **after** plaintiffs were required to serve their expert report.

On October 31, 2013, the day before plaintiffs' expert report was due, Mr. Levine sent an e-mail to counsel for Intermatic asking them to reconsider their position and imploring them to settle the case before "the expert report comes out only against Intermatic."  (Motion Ex. G (e-mail dated 10/31/13).)  Mr. Levine predicted that once it was filed, counsel for McCourt "will undoubtedly take his money and go away."  Id.  Mr. Levine ended his message by saying: "I

can at least go to sleep tonight knowing that I gave you guys an 'out' before you hung yourselves." Id.

On Friday, November 1, 2013 at 8:43 p.m., Mr. Levine e-mailed counsel for Intermatic and said he was unable to submit Mike Wald's expert report because his expert "was out of the country."  (Motion Ex. H (e-mail dated 11/1/13).)  He stated that he could distribute the report on Monday, November 4, 2013.  Id.  Mr. Levine concluded by stating that he appreciated "your professional courtesies here and will extend your responsive deadlines by 2-3 days as you wish."  Id.  By e-mail dated November 4, 2013, counsel for Intermatic agreed to allow plaintiff "to finalize and forward your expert report to us no later than the close of business, 5:00 p.m., on Friday, November 8, 2013."  (Motion Ex. I (e-mail dated 11/4/13).) Counsel warned, however, that it would file a motion to preclude the expert, if the report was not filed by the extended deadline.  Id.  Counsel for Intermatic did not hear back from Mr. Levine. Thus, on November 11, 2013, Intermatic filed the motion to preclude Michael Wald as an expert. A week later, on November 18, 2013, plaintiffs submitted the expert report of Michael Wald, dated November 15, 2013, to defendant Intermatic, seventeen days after the court imposed deadline of November 1, 2013.

## II.   DISCUSSION

Intermatic requests the court to preclude the testimony of Michael Wald as a sanction for plaintiffs' counsel's willful and blatant disregard of the court's order imposing a deadline of November 1, 2013 for the submission of plaintiffs' expert report.  Intermatic notes that plaintiffs intentionally withheld the report to gain an advantage in the litigation, particularly by delaying submission of the report until they completed a settlement agreement with defendant

McCourt.  Moreover, defendant Intermatic notes that the report of Mr. Wald does not fully comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure because neither his curriculum vitae nor his prior testimony was provided with the report.

The Third Circuit Court of Appeals has set forth the standards this court must apply in considering Intermatic's motion:

> This Court recognizes that the exclusion of evidence for failure to comply with a pretrial order is an "extreme sanction" that is not normally imposed "absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence."  The factors to be considered in determining whether a district court properly exercised its discretion in excluding or admitting untimely evidence include:
>
>> (1) the prejudice or surprise in fact of the party against whom the [evidence is offered], (2) the ability of that party to cure the prejudice, (3) the extent to which [allowing late-offered evidence] would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the district court's order.

Canterna v. United States, 2008 WL 2957087, at *4 (3d Cir. Aug. 4, 2008) (citations omitted) (not precedential).  Applying these factors to the instant case, this court declines to impose the "extreme sanction" of precluding plaintiffs' expert witness, Mr. Wald.  However, because plaintiffs' counsel admitted that he willfully disregarded the court's order, see N.T., 12/9/2013, at 17, the court will impose sanctions on plaintiffs and will extend the pretrial deadlines and the trial date to cure the prejudice to Intermatic caused by the late disclosure of the expert report.

The court finds that plaintiffs acted in bad faith in that they willfully and intentionally failed to comply with the court's order.  As noted above, the court granted the parties four extensions of the expert discovery deadlines in this case.  As of November 1, 2013, plaintiffs had the ability to submit Mr. Wald's report but chose not to.  Mr. Levine intentionally

withheld the report because he was negotiating a settlement with defendant McCourt and he believed disclosure of the report would jeopardize any potential settlement with McCourt. Mr. Levine never applied to the court for permission to file a late report. At the hearing held on December 9, 2013, Mr. Levine freely admitted that he intentionally disregarded the court's order so as to obtain a settlement with McCourt. See N.T., 12/9/2013, at 17-19. This conduct cannot be condoned by the court and plaintiffs must be sanctioned to protect the integrity of the court's orders.

There is no doubt that Intermatic has been prejudiced by the late disclosure. Because plaintiffs did not serve Wald's report until November 18, 2013, Intermatic has not been able to submit its rebuttal report by December 2, 2013 as required by the court's order. This prejudice, however, can be cured by extending the pretrial deadlines and trial date. Additionally, Intermatic has been harmed because the Wald report has identified a specific defective component part in Intermatic's product that was the sole cause of plaintiffs' losses. Prior to the Wald report being submitted, Intermatic had good cause to believe that McCourt was either solely liable, or shared liability, with Intermatic in this case. (N.T., 12/9/2013, at 6, 10, 30.) Also, while plaintiffs' counsel generically described the defect in Intermatic's products in his e-mail to counsel, it was not until Wald's report was issued, that counsel for Intermatic could be certain of plaintiffs' precise claim against Intermatic. (N.T., 12/9/2013, at 10, 29-30.) Now apprised of the contents of the Wald report, Intermatic seeks to file a third-party complaint against the manufacturer of the defective component part (Doc. No. 50). However, the deadline for filing a third-party complaint has long passed and plaintiffs have filed an opposition to Intermatic's motion for leave to file a third-party complaint (Doc. No. 55).

Given the record before the court, it was reasonable for Intermatic not to seek permission to file a third-party complaint until it received Wald's expert report which identified plaintiffs' theory of liability against it.  In order to cure the prejudice to Intermatic resulting from the late disclosure of the Wald report, the court will permit the service of a third-party complaint and continue the trial date until the third-party defendant has had an opportunity to conduct discovery.  The court finds delaying the trial will not disrupt the orderly and efficient trial of the case or other cases in the court.

Finally, Intermatic argues that it has suffered incurable prejudice because had plaintiffs filed Wald's report on November 1, 2013, as required, Wald would have opined that both McCourt **and** Intermatic were at fault for the fire, and Intermatic therefore would have been able to minimize its liability, as the blame would have been shared with another tortfeasor.  The court rejects this claim of prejudice because it rests on an assumption that cannot be verified on the record before the court.  The court cannot find that Mr. Wald would have opined that McCourt was negligent in its installation of Intermatic's product.  It is true that Mr. Levine told Intermatic's counsel that he was "framing" the case to McCourt's counsel as one of negligent installation because of the overtightening of the terminal screws.  At oral argument, Mr. Levine said he told counsel for McCourt that either plaintiffs or Intermatic would "come after" it and thus he should settle.  (N.T., 12/9/2013, at 28, 30.)  Thus, it appears that counsel for McCourt was led to believe that it would be possible that plaintiffs' expert would support the "overtightening of the screws" theory advanced by plaintiffs' counsel.  Plaintiffs could not "come after" McCourt without expert testimony supporting their claim against McCourt.  But, on this record, the court cannot discern whether plaintiffs' counsel was bluffing McCourt's counsel as to

7

what Mr. Wald would say about his client, or in fact, that Mr. Wald was going to opine that McCourt was negligent, and only after McCourt settled, did he switch his opinion to place all liability on Intermatic.[2] Because of its speculative nature, the court cannot find this argument of prejudice to Intermatic provides a basis to exclude Mr. Wald's testimony.

### III. CONCLUSION

For all the above reasons, the court will issue the following orders:

1. Pursuant to Fed. R. Civ. P. 16(f), plaintiffs will be sanctioned for willfully disregarding the court's scheduling order. As a sanction, plaintiffs shall pay all reasonable attorney fees and costs incurred by Intermatic in presenting its motion to preclude expert testimony. See Elf Atochem North Am., Inc. v. United States, 882 F.Supp. 1497, 1499 (E.D. Pa. 1995) (refusing to exclude expert witness for late disclosure, but awarding attorney fees and costs in preparing motion to preclude). In addition, plaintiffs shall pay Intermatic all costs involved in deposing Mr. Wald including, but not limited to, attorney fees and costs incurred by Intermatic in attending the deposition. See Daugherty v. Fruehauf Trailer Corp., 146 F.R.D. 129, 131 (E.D. Pa. 1993) (imposing similar sanctions for late disclosure of expert witness, finding that while "exclusion of testimony is too severe a sanction, we do not wish to even hint that we consider plaintiffs' behavior acceptable");

2. The court will grant Intermatic's motion to file a third-party complaint (Doc. No. 50); and

---

[2] "In the hurly-burly of negotiation, depending on the style of the lawyer, it is not uncommon to encounter posturing, brinkmanship, bluster, puffing, bluffing, braggadocio, and some sharp elbows." In re Trans Union Corp. Privacy Litig., 2009 WL 4799954, at *39 (N.D. Ill. Dec. 9, 2009).

3. The court will issue a Fifth Scheduling Order continuing the trial pool date and granting Intermatic thirty (30) days from the date of the court's order to file an expert report in rebuttal to Mr. Wald's report.

BY THE COURT:

/s/ Thomas J. Rueter
THOMAS J. RUETER
United States Magistrate Judge